UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
                                   )
    v.                             )   CR. No. 09-171 S
                                   )
ARJUSZ ROSZKOWSKI                  )
                                   )
_____)

**ORDER**

William E. Smith, United States District Judge.

On September 22, 2010, a jury convicted Arjusz Roszkowski of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and of knowing possession of a firearm with an altered serial number in violation of 18 U.S.C. § 922(k). Roszkowski moves the Court to vacate the conviction and order a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. For the reasons set forth below, the motion is denied.

"The remedy of a new trial is rarely used; it is warranted 'only where there would be a miscarriage of justice' or 'where the evidence preponderates heavily against the verdict.'" United States v. Andrade, 94 F.3d 9, 14 (1st Cir. 1996) (quoting United States v. Indelicato, 611 F.2d 376, 386 (1st Cir. 1979)); accord United States v. Conley, 249 F.3d 38, 45 (1st Cir. 2001)

("The remedy of a new trial must be used sparingly, and only where a miscarriage of justice would otherwise result.")

Roszkowski concedes that he "did possess the firearm" and was therefore "without any defense." But he argues that even though he "is in the wrong" on a "by-the-book view" of the case, he is entitled to a new trial "in the interests of justice beyond the written laws." Roszkowski's main grievance appears to be that he was not able to argue the defense of entrapment. He claims he was entitled to such a defense because the police "attempted to frame the defendant for attempting to purchase firearms, robbing banks and trying to murder police during his arrest. . . . Although the gun itself was not forced into his hands, the Government has absolutely no right to instigate crimes (especially over state borders) and then afterward, after the arrest, pick and choose some minor offenses to convict its citizens on." This, says Roszkowski, amounts to an unacceptable "[a]rrest first, find reasons later" tactic.

To understand Roszkowski's claims, it is necessary to review how he was arrested. At trial, the Government introduced the recording of a telephone conversation during which Roszkowski and an undercover police officer agreed to meet in Lincoln, RI so Roszkowski could purchase firearms from the undercover officer. According to undisputed evidence adduced at trial, at the meeting, the undercover officer noticed a gun on

Roszkowski and revealed his true identity. A struggle ensued, and the police arrested Roszkowski. Roszkowski's claim of entrapment--that he "was lured down a[n] hour and a half away from his home in Massachusetts to be arrested in a state he has no dealings with"--seems to be that the way in which the police, allegedly with the help of a confidential informant whose identity Roszkowski wants revealed, arranged for the meeting and purchase of firearms amounts to "instigat[ing]" a crime which Roszkowski was not by himself predisposed to commit.

But even if Roszkowski were right that the Government "framed" him for attempting to purchase guns and rob banks, such supposed entrapment is irrelevant to the offenses he was charged with and convicted of in this case – namely, being a felon in possession of a firearm and possessing a firearm with an altered serial number. The gun Roszkowski was charged with possessing was on him when he arrived at the meeting. There is no allegation that the Government or state police had anything to do with his coming to possess it, which is the crime charged; as Roszkowski concedes, "the gun . . . was not forced into his hands." Any alleged entrapment as to other offenses, not charged, is irrelevant.

So is the identity of the confidential informant. And even if the identity of the confidential informant were somehow relevant, which is not, Roszkowski's general and conclusory

assertion that disclosure of the confidential informant's identity and his/her presence at a new trial would "keep the RISP from lying or withholding information" is not sufficient to meet the standard for disclosure. See United States v. Martinez, 922 F.2d 914, 921 (1st Cir. 1991) ("[W]hen the government informant is not an actual participant or a witness to the offense, disclosure is required only in those exceptional cases where the defendant can point to some concrete circumstance that might justify overriding both the public interest in encouraging the flow of information, and the informant's private interest in his or her own safety.").

Similarly, Roszkowski's charge that the Government "lied and fabricated evidence against the defendant which were later used against him at trial" is vague and unsupported. In any event, Roszkowski had ample opportunity at trial to bring out evidence of a supposed fabrication, and he offers no reason as to why he should be given a second opportunity to do so.

Nor does the Court perceive any grounds "beyond the written laws" for granting this extraordinary relief. This Court repeatedly warned Roszkowski of the disadvantages of proceeding pro se, while making it clear that it was his right to do so. When he chose to proceed pro se, the Court appointed stand-by counsel and went beyond what it was required to do by "the written laws" to ensure that he got a fair trial. The charge

that allowing the conviction to stand would somehow make "the court system . . . only a formality in putting people in prison" is without merit.

In sum, Roszkowski has failed to make the necessary showing that allowing the jury verdict to stand would amount to "miscarriage of justice" or that "the evidence preponderates heavily against the verdict."  See Andrade, 94 F.3d at 14 (internal citations and quotation marks omitted).

For the foregoing reasons, the motion for a new trial is DENIED.


ENTER:


*/s/ William E. Smith*

William E. Smith
United States District Judge
Date: January 13, 2011