UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
    v.                             )    CR. No. 09-171 S
                                   )
ARJUSZ ROSZKOWSKI,                 )
                                   )
        Defendant.                 )
                                   )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the court on Petitioner Arjusz Roszkowski's Motion to Vacate, Correct, or Set Aside Conviction and Sentence under 28 U.S.C. § 2255 (ECF No. 105). After Roszkowski was convicted of being a felon in possession of a firearm and possession of a firearm with an obliterated serial number, this Court sentenced Roszkowski to a 180-month prison term. The Government moved to dismiss on the grounds that Roszkowski did not file his § 2255 motion within one year of final judgment, as required by 28 U.S.C. § 2255(f) (ECF No. 108). The Government responded to Roszkowski's substantive claims in its Response in Opposition (ECF No. 114), pursuant to this Court's order, arguing that Roszkowski's claim is both procedurally barred and without merit. Upon review of Roszkowski's opposition to the Government's motion to dismiss

(ECF No. 111), and his reply to the Government's opposition (ECF No. 115), the Court finds Roszkowski's § 2255 motion both untimely and procedurally barred.

The United States Supreme Court denied Roszkowski's petition for writ of certiorari on February 19, 2013, and Roszkowski filed this motion on June 16, 2014, over 3 months after the statutory filing deadline. The limitations period may be equitably tolled when a petitioner shows that he pursued his rights diligently and was prevented by extraordinary circumstances from timely filing. Ramos-Martinez v. United States, 638 F.3d 315, 321-23 (1st Cir. 2011). Roszkowski argues that he was incarcerated and without the assistance of counsel, and points to the difficulties of pursuing his case while in a federal penitentiary, with frequent prolonged lockdowns and limited access to the law library. Although not insignificant, these hindrances are by no means "extraordinary." Section 2255 by its own terms contemplates that the petitioner be incarcerated, given that it applies specifically to "prisoner[s] in custody." 28 U.S.C. § 2255(a).

Roszkowski also argues that he showed diligence in pursuing his rights by pointing to the efforts he took at trial on his own behalf, and having filed subsequent motions for the return of his personal property. While these endeavors may have been pursued diligently, Roszkowski must show diligence in pursuing

the rights directly at stake in his § 2255 motion, which he has not done.

Roszkowski thus has failed to indicate that extraordinary circumstances existed in his case, or that he diligently pursued his rights. Although the question of equitable tolling involves a fact-intensive inquiry, Ramos-Martinez, 638 F.3d at 323, Roszkowski has not set forth sufficient facts to merit further consideration of the issue.

Moreover, even if Roszkowski had not missed the statutory deadline for filing his § 2255 motion, his stated claims are procedurally barred. Roszkowski argues that his sentencing guidelines were miscalculated, and that he therefore should have received a sentence of 120 months rather than 180 months. As the Government points out, Roszkowski raises this issue for the first time in his § 2255 motion. He did not object to his guidelines calculation at sentencing, or on direct appeal. Because he has procedurally defaulted by failing to raise the claim, he is not entitled to collateral relief under § 2255, unless he can show both cause for having defaulted and "actual prejudice" as a result of the error. See Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011). Roszkowski has not provided any reasons to excuse his procedural default here. Therefore, his claims are procedurally barred.

For these reasons, the Government's Motion to Dismiss is GRANTED, and Roszkowski's Motion to Vacate under § 2255 is DENIED and DISMISSED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date:  September 18, 2015