UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
United States of America           )
                                   )
        v.                         )   CR. No. 09-171 S
                                   )
Arjusz Roszkowski                  )
_____)

**ORDER**

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on two motions from Petitioner Arjusz Roszkowski. Petitioner's first motion asks the Court to reconsider its denial of his Motion to Vacate, Correct, or Set Aside Conviction and Sentence under 28 U.S.C. § 2255 (see Order, ECF No. 117) ("Motion for Reconsideration"). (ECF No. 119.) Petitioner's second motion seeks a new trial based on the Supreme Court's recent decision in Wearry v. Cain, 136 S. Ct. 1002 (2016) ("Motion for New Trial"). (ECF No. 121.) For the following reasons, both motions are DENIED.

I.   Motion for Reconsideration

Roszkowski's Motion for Reconsideration asks the Court to reassess what amounted to a petition for writ of habeas corpus under 28 U.S.C. § 2255. Such a petition is an "independent civil suit rather than a part of the original criminal proceeding, and as such is governed by the rules

applicable to the disposition of civil cases." Flint v. Howard, 464 F.2d 1084, 1085-86 (1st Cir. 1972) (internal quotation marks and citations omitted). Accordingly, Fed. R. Civ. P. 60 (b)(1) – which allows a court to reconsider a final order for "mistake, inadvertence, surprise, or excusable neglect" on the part of the court – governs Roszkowski's Motion for Reconsideration. A court appropriately may grant such a motion where the movant "shows a manifest error of law or newly discovered evidence," shows that the court "has patently misunderstood a party," or shows that the court "has made an error not of reasoning but apprehension." Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal citations omitted).

Roszkowski argues that the Court erred when it denied his § 2255 motion as both untimely and procedurally barred. He posits that his status as a pro se defendant should excuse both errors and, as a result, the Court should have considered the merits of Roszkowski's argument – that the Court improperly sentenced him to an additional five years of incarceration. The Court is not persuaded that it should reverse course.

As this Court detailed in its initial Order, Roszkowski clearly filed his petition outside of the statutory deadline for doing so. (Order 2, ECF No. 117.) That Roszkowski is

2

incarcerated and pro se does not provide the "extraordinary" circumstances that would excuse such an error. Cf. Ramos-Martinez v. United States, 638 F.3d 315, 324 (1st Cir. 2011) (comparing potentially "extraordinary" and non-extraordinary circumstances); see also Johnson v. United States, 544 U.S. 295, 311 (2005) (rejecting petitioner's excuse for an untimely filing where petitioner "offered no explanation for this delay, beyond observing that he was acting pro se and lacked the sophistication to understand the procedures"). Consequently, the Court did not err in holding that Roszkowski's petition was untimely.

Further, the Court correctly held that Roszkowski's petition was procedurally defaulted. Roszkowski did not object to his sentence during either his initial trial or his direct appeal. It is well settled that such a procedural failure, absent a showing of cause, waives the claim in a subsequent habeas petition. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, again, Roszkowski offers only his status as a pro se litigant to justify his lack of objection. This by itself, however, is insufficient to avoid the consequences of a procedural default. See Rossetti v. United States, 773 F.3d 322, 333 (1st Cir. 2014), cert. denied, 135 S. Ct. 1751 (2015) (noting that the Supreme Court has "never accepted pro se representation alone or procedural ignorance

3

as an excuse" for avoiding default in habeas petitions); Killela v. Hall, 84 F. Supp. 2d 204, 209-10 (D. Mass. 2000) (in the habeas context, pro se status alone is insufficient to show cause for procedural default). The Court, thus, correctly disposed of Roszkowski's § 2255 motion on procedural grounds and stands by its original Order.

II. Motion for New Trial

In his second motion, Roszkowski argues that the Supreme Court's recent ruling in Wearry v. Cain, 136 S. Ct. 1002 (2016) entitles him to a new trial. Roszkowski's argument fails for at least two reasons.

Though Roszkowski does not specify the rule under which he seeks a new trial, his motion would be untimely under either of the procedural avenues available to him. Fed. R. Crim. P. 33 – the direct route through which to seek a new trial – requires defendants to bring motions for new trials based on newly discovered evidence within three years of a verdict, and within fourteen days of a verdict for any other reason. Section 2255 – Roszkowski's post-conviction avenue for seeking a new trial – sets a one year deadline for bringing a petition. See 28 U.S.C. § 2255(f). Here, Roszkowski's motion merely raises issues regarding the credibility and veracity of witness testimony presented at trial in September 2010. (See Motion for New Trial 1-3, ECF

4

No. 121.) Roszkowski does not present any new evidence or provide any justification for his five year delay in bringing the arguments in his motion before the Court. Consequently, under both Fed. R. Crim. P. 33 and 28 U.S.C. §2255, Roszkowski's motion is untimely.[1]

Further, even if the Court were to reach the merits of Roszkowski's motion, it would still fail. Roszkowski cites the Supreme Court's recent decision in Wearry as the basis of it. There, the Court reiterated its holding in Brady v. Maryland, 373 U.S. 83 (1963) that a prosecutor's suppression of material evidence violates due process, and expounded upon how to determine when Brady violations warrant a new trial. Wearry, 136 S. Ct. at 1006-07. Here, unlike in Wearry, Roszkowski does not argue that the Government withheld potentially favorable evidence from him; he merely rehashes evidentiary arguments he made or should have made at trial. Roszkowski, thus, does not present a Brady or Wearry violation and neither case supports granting him a new trial.

---

[1] If Roszkowski brought his Motion for New Trial under 28 U.S.C. 2255, his motion would also be improper on procedural grounds. On June 16, 2014, Roszkowski filed his first § 2255 habeas petition (ECF NO. 105), which the Court denied (ECF No. 117). Section 2255 expressly requires Roszkowski to receive certification from the Court of Appeals before bringing a second or successive petition, a prerequisite Roszkowski has failed to satisfy. See 28 U.S.C. § 2255(h).

5

III. Conclusion

For the foregoing reasons, Roszkowski's Motion for Reconsideration (ECF No. 119) and Motion for New Trial (ECF No. 121) are DENIED.

IT IS SO ORDERED.

/s/ WESmith
William E. Smith
Chief Judge
Date: May 6, 2016