UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )
        v.                     )       C.R. No. 09-171-S
                               )
ARJUSZ ROSZKOWSKI              )
_____)
```

ORDER

WILLIAM E. SMITH, Chief Judge.

This matter is before the Court on two motions filed by Defendant Arjusz Roszkowski. In the first, Roszkowski requests the issuance of a Certificate of Appealability ("COA")(ECF No. 130) with respect to the Court's denial of his motion to reconsider the denial of his § 2255 motion and his Motion for New Trial. The second seeks the appointment of a new attorney on appeal (ECF No. 131). For the following reasons, both motions are DENIED.

I.    Procedural History[1]

On June 16, 2014, Roszkowski filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 105). The Court denied and dismissed

---

[1] The Court recites the procedural history of this matter only to the extent necessary to address the two motions presently pending.

the Motion to Vacate in an Order dated September 18, 2015 (ECF No. 117).

On January 11, 2016, Roszkowski filed a Motion for Reconsideration (ECF No. 119) of the denial of the Motion to Vacate. He subsequently filed a Motion for a New Trial Based on a New Supreme Court Ruling. (ECF No. 121.) The Court denied both motions by Order dated May 6, 2016 (ECF No. 124), and on May 16, 2016, Roszkowski filed a Notice of Appeal (ECF No. 125) of that Order.

II. Request for COA

On July 14, 2016, the Court of Appeals for the First Circuit directed Roszkowski to apply for a COA in this Court, as it did not appear that he had done so. Roszkowski v. United States, No. 16-1633 (1st Cir. July 14, 2016) (Order of Court directing Petitioner to seek COA in district court). The Order of Court states, in relevant part:

> This court has docketed petitioner-appellant's appeal from the denial of his motion to vacate sentence under 28 U.S.C. § 2255. The case cannot go forward unless a certificate of appealability issues. 28 U.S.C. § 2253. A request for a certificate of appealability must first be sought in the district court.

Id.

When a district court dismisses a habeas petition solely on procedural grounds, a COA will not issue unless the petitioner

can demonstrate both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Roszkowski has not demonstrated that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right . . . ." Id. Indeed, both the Motion to Vacate and the Motion for Reconsideration allege errors in the application of the United States Sentencing Guidelines, not the denial of a constitutional right. (ECF No. 105-1 1-3; ECF No. 119 2.) Roszkowski does not attempt to argue otherwise in his request for a COA. (ECF No. 130 1.)

Moreover,

[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack, 529 U.S. at 484. Here, two procedural bars were present.

First, the Motion to Vacate was untimely because it was filed more than three months after the one-year statutory filing deadline. (ECF No. 117 2.) Further, the Court determined that no "extraordinary circumstances" existed which would justify equitable tolling. (Id. at 2-3.) The Court also found that Petitioner had not diligently pursued his rights. (Id.)

Second, even if the Motion to Vacate were not time-barred, Roszkowski raised the argument that his sentencing guidelines were miscalculated for the first time in the Motion to Vacate. (Id. at 3.) He had neither objected to the calculation of the guidelines at sentencing, nor had he argued the issue on appeal. (Id.) Further, he provided no reasons for failing to raise the claim sooner. (Id.) Therefore, the Court found that Roszkowski had procedurally defaulted his sentencing guidelines claim. (Id.) Petitioner has not shown that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Roszkowski has made neither showing required by Slack. Accordingly, the Court DENIES his request for a COA.[2]

---

[2] Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[i]f the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal."

III. Motion for New Attorney

Roszkowski has also filed a Motion for a New Attorney, alleging that he "is completely lost on the basic procedures" regarding how to proceed with his appeal. (Mot. For a New Att'y 1, ECF No. 131.)  Roszkowski, however, has already filed a motion for counsel with respect to his appeal in the Court of Appeals for the First Circuit, which denied the motion on July 26, 2016.  Roszkowski v. United States, No. 16-1633 (1st Cir. July 26, 2016) (order denying motion for appointment of counsel).

Roszkowski, in essence, is asking this Court to reconsider the First Circuit's denial of his motion.  The Court lacks jurisdiction to do so.  Moreover, because the motion is directly related to the matter under appeal, this Court lacks jurisdiction over the motion.  See United States v. Hurley, 63 F.3d 1, 23 (1st Cir. 1995) (noting the general rule that "entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal"); see also United States v. Brooks, 145 F.3d 446, 456 (1st Cir. 1998) ("The black-letter rule that the filing of a notice of appeal transfers authority over the case from the trial court to the court of appeals derives from a desire to prevent clashes

between institutions that occupy different tiers within the federal judicial system.").

Roszkowski's Motion for a New Attorney is, therefore, DENIED.

IV. Conclusion

Based on the foregoing, Roszkowski's Motion for a COA is DENIED.  His Motion for New Counsel is also DENIED.


IT IS SO ORDERED.


/s/ William E. Smith
William E. Smith
Chief United States District Judge
Date: October 19, 2016