```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )    Cr. No. 09-171-WES
                                    )
ARJUSZ ROSZKOWSKI,                  )
          Defendant.                )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Defendant Arjusz Roszkowski has filed a Motion to Rescind Pro Se Status and Be Appointed Counsel. (ECF No. 141.) The Government has filed an objection to the Motion. (ECF No. 142.) For the reasons stated herein, the Motion to appoint counsel is DENIED.

By his Motion, Roszkowski states that he wishes "to be granted [his] right to representation and counsel." (Mot. 1.) Roszkowski's purpose for seeking counsel is unclear. He has nothing pending in this Court other than the instant Motion, as the Government notes in its Objection, (Obj. 1), and as is clear from the Docket in this case. Therefore, there is no basis for the appointment of counsel.

To the extent that Roszkowski seeks to challenge his conviction, (Mot. 1) (stating that his "case is absurd and wholly fabricated by the prosecution"), he has already had ample

opportunity to do so. In addition to his direct appeal of his conviction on firearms charges (ECF No. 78),[1] Roszkowski has filed: a motion to dismiss the Indictment, (ECF No. 26); two motions for a new trial, (ECF Nos. 63, 121); a motion to vacate the jury verdict and dismiss the charges against him, (ECF No. 75); two motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, (ECF Nos. 105, 127);[2] a motion to reconsider the denial of the first motion to vacate, (ECF No. 119); a request for a certificate of appealability with respect to the denial of the motion for reconsideration, (ECF No. 130); and two motions for appointment of counsel, (ECF Nos. 131, 141), including the instant Motion.

---

[1] The First Circuit affirmed the conviction in an opinion and judgment issued on November 27, 2012, (ECF Nos. 97, 98), and the Supreme Court subsequently denied Roszkowski's application for a writ of certiorari.

[2] Roszkowski's first motion to vacate was denied as both untimely and procedurally barred. (ECF No. 117.) The First Circuit denied his request for a certificate of appealibility and terminated his appeal. (ECF No. 138.) Roszkowski's second motion to vacate his sentence, his most recent filing in this Court, was denied by text order pursuant to the Judgment of the First Circuit denying his application for leave to file a second or successive motion under § 2255. (ECF No. 140.) The appellate court stated that: "Thi[s] . . . denial of an authorization . . . to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." (Id. at 1 n.1) (quoting 28 U.S.C. § 2244(b)(3)(E) (alterations in original).

Lastly, the Court notes that, although the Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions, U.S. Const. amend. VI, Roszkowski does not have a "right to counsel," (Mot. 1), in post-conviction matters. See 18 U.S.C. § 3006A(a)(2)(B). Section 3006A(a)(2) provides that a court may appoint counsel for a financially eligible person who is seeking relief under § 2255[3] when "the interests of justice so require . . . ." Id. § 3006A(a)(2)(B). Here, under the circumstances the Court finds that the interests of justice do not require the appointment of counsel.

Based on the foregoing, the Motion to appoint counsel is DENIED.

IT IS SO ORDERED.

*William E. Smith* (signature)

William E. Smith
Chief Judge
Date: September 29, 2017

---

[3] Roszkowski has no § 2255 motion pending. See supra note 2.